UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT
FUNDS,

        Plaintiffs,

v.

ANDRUS ACOUSTICAL, INC.,
a Michigan Corporation, STERLING
MILLWORK, INC., a Michigan
Corporation, ALAN ANDRUS, an
individual, and MARK BOLITHO,
an individual, jointly and severally,

        Defendants.
_____/

Case No. 11-cv-14656

Paul D. Borman
United States District Judge

OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND
DAMAGES FINDINGS OF FACT AND CONCLUSIONS OF LAW
AND JUDGMENT, MOTION FOR NEW TRIAL,
MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 114)

Before the Court is Defendants' Motion to Amend Damages and Findings of Fact and Conclusion of Law and Judgment, Motion for New Trial, Motion for Relief From Judgment. (ECF No. 114.) The Defendants specifically challenge the Court's findings and conclusions with respect to damages awarded on two construction jobs on which the Court has found that Defendants Andrus Acoustical, Inc. ("Andrus") and Sterling Millwork, Inc. ("Sterling") performed covered carpentry work through an

1

alter ego operation. Plaintiffs filed a Response to the motion (ECF No. 150) and Defendants did not file a Reply.

The Court has concluded that oral argument is not necessary and will decide the matter on the parties' written submissions. E.D. Mich. L. R. 7.1(f)(2). For the reasons that follow, the Court DENIES the motion.

I.  **BACKGROUND**

The history and background of this litigation is set forth in numerous prior Opinions and Orders of this Court. *See* ECF No. 24 (2/23/12 Opinion and Order Denying Motion to Dismiss); ECF No. 65 (4/30/14 Opinion and Order Denying Defendants' Motions For Summary Judgment); ECF No. 87 (3/22/16 Amended Findings of Fact and Conclusions of Law Following Bench Trial on Alter Ego Liability); ECF No. 111 (11/27/17 Findings of Fact and Conclusions of Law Following Bench Trial on Damages).

This Opinion and Order assumes familiarity with this lengthy history, but in summary this Court has found that Andrus (a Union entity) and Sterling (a non-Union entity) performed covered carpentry work through an alter ego operation on eight construction projects between the years 2008 - 2011, and has awarded the Plaintiff Funds damages for unpaid fringe benefit contributions in the amount of $1,080,543.38 based upon that alter ego finding. Defendants now challenge the Court's findings and

conclusions on damages with respect to two of those projects.

## II. STANDARDS OF REVIEW

Defendants move the Court pursuant to three different procedural rules: Fed. R. Civ. P. 52(a)(5) and (b), Fed. R. Civ. P. 59(a), and Fed. R. Civ. P. 60(b). Rule 52(a)(5) provides, with respect to the Court's findings of fact and conclusions of law following a non-jury trial, that: "A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested the findings, objected to them, moved to amend them, or moved for partial findings." Rule 52(b) provides that: "On a party's motion filed no later than 28 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). "Under Rule 52(b), a court may amend its findings and its judgment upon a motion by a party made not later than ten [now 28] days after the entry of judgment. Rule 52 is not intended to serve as a vehicle for a rehearing." *Laborers Pension Trust Fund – Detroit and Vicinity v. Interior Exterior Specialists Construction Grp., Inc.*, No. 04-74514, 2008 WL 11399707, at *1 (E.D. Mich. Oct. 20, 2008) (internal quotation marks and citation omitted) (alteration added). "This Court must apprise prospective appellate courts of the basis of the trial court's decision, and Rule 52(b) gives parties an opportunity for expending the findings of

3

fact." *Id*. (internal quotation marks and citation omitted). This "Court is only required to have made herein findings sufficient to indicate the factual basis for the ultimate conclusion." *Id*. (internal quotation marks and citation omitted).

Rule 59 provides in relevant part that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party . . . (B) after a nonjury trial, for any reason which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Such a motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005).

Rule 60 provides that: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of a number of listed reasons including "mistake, inadvertence, surprise, or excusable neglect," or "fraud . . . or any other reason that justifies relief." Fed. R. Civ. P.

59(b)(1-6). A motion filed under Rule 60 "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2).

**III. ANALYSIS**

As is clear from their prayer for relief, Defendants challenge the sufficiency of the evidence in support of the Court's findings and conclusions as to these two jobs and ask the Court to amend its findings of fact and amend its judgment accordingly: "Defendants respectfully ask this Court to amend its findings and conclusions and to reduce the Judgment by $470,665.81, which is comprised of $91,842.95 for carpentry, $35,393.92 for carpentry millwork, $171,714.47 in interest, and $171,714.47 in penalty interest." (ECF No. 114, Defs.' Mot. at 6, PgID 2939.)

The Court finds no basis to amend its findings or its judgment and is satisfied that it has articulated sufficient findings to indicate the factual basis for its findings and conclusions, and reiterates in part as follows:

(1) *Ocean Prime*: Defendants assert that "the Court's findings on the Ocean Prime job are not supported by evidence connecting this job with Andrus Acoustical." (Defs.' Mot. 3.) The Court's findings are supported by ample evidence connecting this job to Andrus Acoustical including, as set forth in ¶¶ 9(a-f) of its Findings of Fact and Conclusions of Law on Damages, the following: 1) Sterling's contract for the Ocean Prime job required union labor for categories of work including millwork (¶

5

9(a)); 2) the Court found incredible Mr. Bolitho's testimony that Sterling has never had a contract requiring union labor for millwork (¶9(b)); 3) Sarah Johnston's notes directed the payment of "mill stuff" at "union rates;" (¶ 9(b); 4) multiple employees testified and submitted time sheets designating their work at Ocean Prime as "Union" (¶ 9(d)); 5) Sarah Johnston and David Milka's testified that "union" on an employee's time sheet always meant "Andrus" (¶ 9(c)).

The Court specifically found that this evidence was sufficient to bring the Ocean Prime job within the ambit of the Court's alter ego holding despite the fact that Ocean Prime was not among the jobs listed on Plaintiff's Trial Exhibit 154, which listed the jobs on which the Court based its initial alter ego holding in the liability phase of the trial. (¶ 9(e)). The evidence at trial established that "Union" always meant "Andrus" and multiple employee time sheets listed their work specifically for Ocean Prime as "Union." Alan Andrus testified at trial that it was possible that a Sterling/Andrus employee could have worked on the Ocean Prime job and he would not have known about it, explaining how it was possible that the Ocean Prime job did not appear on Exhibit 154. (¶ 9(f)). Defendants offered no credible testimony or evidence at trial to rebut this evidence and the Court's findings and conclusions on the Ocean Prime job are supported by ample evidence.

(2) *Plum Market West Bloomfield*: Defendants assert that the "the Court's decision on the Plum Market West Bloomfield job is not supported by substantial evidence." (Defs.' Mot. 5.) The Court's findings are supported by ample evidence establishing that *all* of the work on the Plum Market West Bloomfield job was required to be performed with Union labor from January, 2009, forward through the completion of the job. The Court did credit Mr. Katrivesis's testimony and based on his testimony the Court limited the damages claimed on the Plum Market West Bloomfield job to work done in the years 2009 and 2010. The Court also credited Mr. Katrivesis's testimony, given in direct response to clarifying questioning by the Court, that after the meeting with Union representatives sometime in late December 2008 or early January 2009, "all carpentry work after the meeting and agreement had to be union labor." (Damages Trial Tr. 22:7-17.) Defense counsel then elicited Mr. Katravesis's recollection of the scope of work left to do at that point, which did nothing to defeat the testimony that *all* of the work thereafter had to be performed with Union labor.

The Court credited Mr. Katravesis's direct statement to the Court that after the meeting with the Union in late December or early January 2009, *all* the remaining work on the Plum Market West Bloomfield job had to be Union labor. Therefore, the Plaintiffs were entitled to damages on *all* of the carpentry work that was performed

7

on the Plum Market West Bloomfield Job from January 1, 2009 forward, and that is what the Court awarded. This evidence strongly supported the Court's findings and conclusion that the Plaintiffs were entitled to damages on all work performed on the Plum Market West Bloomfield job in 2009 and 2010.

## IV. CONCLUSION

Defendants proffer no evidence or even argument of "mistake, inadvertence, surprise, excusable neglect, or fraud" such as would justify relief under Rule 60. Nor is there any claim of "a clear error of law . . . newly discovered evidence . . . [or] an intervening change in controlling law" as would justify relief under Rule 59(e). Nor do Defendants present facts that would require the Court to act "to prevent manifest injustice." Defendants seek an amendment to the Court's findings and conclusions under Rule 52(b), but "[t]he purpose of Rule 52(b) is to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence, but not to relitigate old issues, advance new theories, or to secure a rehearing on the merits." *Huizinga v. Genzink Steel Supply and Welding Co.*, No. 10-223, 2013 WL 12249781, at *1 (W.D. Mich. Oct. 11, 2013). "Under Rule 52(b), the moving party has the burden of showing that 'a manifest error in the court's findings of fact or conclusions of law' has been made." *Trustees of Painters Union Deposit Fund v. Harrison Const. Co.*, No. 03-73716, 2006 WL 374566, at *1 (E.D. Mich. Feb.

16, 2006) (citing 9 *Moore's Federal Practice* § 52.60[4][a]).

No such showing has been made here. Accordingly, the Defendants' Motion is DENIED.

IT IS SO ORDERED.

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 27, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2018.

                                                s/Deborah Tofil  
                                                Case Manager